Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000494
27-NOV-2019
08:58 AM

NO. CAAP-18-0000494

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
AUSTIN H. ROSA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CPC-17-0000201)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Austin H. Rosa (**Rosa**) appeals from the May 17, 2018 Judgment of Conviction and Sentence (**Judgment**) entered against him in the Circuit Court of the Fifth Circuit (**Circuit Court**).[1]

On February 7, 2018, Rosa pled guilty to one count of Resisting an Order to Stop a Motor Vehicle in the First Degree (**Resisting Order to Stop First**) in violation of Hawaii Revised

---

[1] The Honorable Kathleen N.A. Watanabe presided.

Statutes (**HRS**) § 710-1026.9(1) (Supp. 2018).[2] Rosa was sentenced to a five-year term of imprisonment.

In his Opening Brief, Rosa raises a single point of error, contending that his constitutional right to a speedy trial was violated because the trial court failed to colloquy Rosa to determine whether he was intelligently, knowingly, and voluntarily waiving his right to a speedy trial by agreeing to the withdrawal of his attorney and the continuance of his trial date.

We note that, although Rosa has been represented by counsel throughout this appellate proceeding, two weeks after the filing of the Opening Brief, Rosa (personally) filed a handwritten document entitled Supplemental Amended Opening Brief

---

[2]    HRS § 710-1026.9 provides:

**§ 710-1026.9  Resisting an order to stop a motor vehicle in the first degree.**  (1)  A person commits the offense of resisting an order to stop a motor vehicle in the first degree if the person: '
    (a)    Intentionally fails to obey a direction of a law enforcement officer, acting under color of the law enforcement officer's official authority, to stop the person's motor vehicle; and
    (b)    While intentionally fleeing from or attempting to elude a law enforcement officer:
        (i)    Operates the person's motor vehicle in reckless disregard of the safety of other persons; or
        (ii)   Operates the person's motor vehicle in reckless disregard of the risk that the speed of the person's vehicle exceeds:
            (A)    The applicable state or county speed limit by thirty miles per hour or more; or
            (B)    Eighty miles per hour or more, irrespective of the applicable state or county speed limit.
For purposes of this section, "the applicable state or county speed limit" shall have the same meaning as in section 291C-105.
    (2)   Resisting an order to stop a motor vehicle in the first degree is a class C felony.

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

of Defendant-Appellant (**Supplemental Brief**), in which he sought to raise additional points of error, as well as to supplement arguments made in what Rosa refers to as the "Rosa Flores brief." Rosa Flores, Esq. is Rosa's appellate counsel in this case. No motion has been filed for withdrawal and/or substitution of counsel, for leave to proceed as a self-represented party, or to allow the filing of a supplemental brief. The filing of the Supplemental Brief was not authorized under the Hawai'i Rules of Appellate Procedure. Under these circumstances, this court will not address the merits of additional arguments stated in the Supplemental Brief. Our ruling on the Supplemental Brief is without prejudice to Rosa raising these arguments in a petition for post-conviction relief, which may be filed pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure (**HRPP**). These arguments shall not be considered waived pursuant to HRPP Rule 40(a)(3).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Rosa's point of error as follows:

Rosa contends that the Circuit Court should have engaged in a colloquy with him to ensure that "he was aware that he was relinquishing a fundamental right to a speedy trial" before the court granted the Motion to Withdraw as Counsel, to Have Substitute Counsel Appointed, and to Continue Trial Date (**Motion to Withdraw**) filed by Rosa's attorney, Deputy Public

Defender Sam Jajich (**DPD Jasich**) on November 7, 2017. In his Declaration, DPD Jasich averred, *inter alia*, that he had withdrawn from representing Rosa in another case based on irreconcilable differences and that, based on their history, DPD Jajich was unable to effectively represent Rosa and his office was likewise unable to represent Rosa.

The Motion to Withdraw was heard at the trial call/hearing held on November 13, 2017. At the hearing, DPD Jajich discussed with the court, among other things:

> [W]hen we discussed the matter at pretrial conference, I think I told your Honor the situation that I had discussed continuing this trial date with Mr. Rosa. He indicated to me at that time that he wanted to continue it, but this morning he told me that he wanted to assert his right to speedy trial, so I just wanted to bring those two matters to your attention.
>
> THE COURT: Okay. And trial was set for today.
>
> MR. JAJICH: Yes that's correct.
>
> THE COURT: Okay. So, Mr. Rosa, Mr. Jajich has filed a motion to withdraw as your counsel. Are you in favor of that or against that?
>
> THE DEFENDANT: In favor of that.
>
> THE COURT: Okay. And is the State taking any position?
>
> [THE PROSECUTOR]: No, your Honor.
>
> THE COURT: All right. Then the Court is granting that motion.
> Mr. Rosa, today was set as your jury trial. With Mr. Jajich withdrawing as your attorney, we're obviously not going to trial today so the trial will have to be continued and this is to afford your new attorney an opportunity to get brought up to speed and to discuss with you any trial strategies.

As the hearing continued, Rosa was somewhat equivocal about newly-appointed counsel, who also represented Rosa in another matter, with Rosa saying that he might hire private counsel in both matters, as well as saying that he was hoping the

court might appoint someone else. After informing Rosa that he did not get to select appointed counsel, the court informed Rosa that the trial would be continued to April 9, 2018. Rosa then inquired:

> THE DEFENDANT: Is that still a speedy trial, though?
>
> THE COURT: That is the next available date.
>
> THE DEFENDANT: That's not within six months, though.
>
> THE COURT: Well, the way this works, Mr. Rosa, is the State has six months to take you to trial from the time that you're formally charged. You're correct about that. But there are exclusions to that time. One of the exclusions is when you change your attorney. That's not the prosecutor's fault if it doesn't work out with an attorney and you got to get another attorney. So it keeps getting pushed back. Okay.
>
> THE DEFENDANT: Okay.
>
> THE COURT: All right. Anything further?
>
> THE DEFENDANT: No.
>
> THE COURT: Okay.

Thereafter, at a February 7, 2018 change of plea hearing, as part of a global plea, Rosa pled guilty to Resisting Order to Stop First. During the plea hearing, the Circuit Court conducted a change of plea colloquy, including asking Rosa whether he understood that by pleading guilty, he was giving up the "constitutional right to a speedy and public trial by a jury or a judge?" Rosa responded, "Yes, your Honor." The court later asked Rosa whether he understood that, by entering a guilty plea, he would not have an opportunity to exercise the rights that the court just went over with him, and Rosa responded, "yes." Rosa further stated that he had no questions on the rights that he

would be giving up and that he had had an opportunity to discuss his case with counsel, had received advice from counsel, and that he was satisfied with his counsel's advice.

A guilty plea waives a defendant's constitutional right to a speedy trial. State v. McCoy, 51 Haw. 34, 35, 449 P.2d 127, 128-29 (1968) (citation omitted); see also Garcia v. State, Nos. CAAP-16-0000062 and CAAP-16-0000097 (consol.), 2019 WL 76937, *2 (Haw. App. Jan. 2, 2019) (SDO). At no time has Rosa sought to set aside his guilty plea or argued that there is a basis for doing so. Here, as discussed above, the record indicates that Rosa understood that he was giving up his constitutional right to a speedy and public trial when he entered his plea. "Generally, a guilty plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims, including constitutional challenges to the pretrial proceedings." State v. Domingo, 82 Hawai'i 265, 267, 921 P.2d 1166, 1168 (1996) (internal quotation marks, brackets and bracketed text omitted) (citing State v. Morin, 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990)). Therefore, we conclude that Rosa waived his constitutional right to a speedy trial when he pled guilty in this case.

Accordingly, the Circuit Court's May 17, 2018 Judgment is affirmed.

DATED: Honolulu, Hawai'i, November 27, 2019.

On the briefs:

Rosa Flores,
(Greg Ryan and Associates),
for Defendant-Appellant,
(Austin H. Rosa,
Defendant-Appellant, *pro se*,
filing Supplemental Amended
  Opening Brief).

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauai,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge